IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JACQUELINE BARNHART, | ) | Case No. 4:12cv3156 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **STIPULATED** |
| | ) | **PROTECTIVE ORDER** |
| OPEN HARVEST COOPERATIVE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on the parties' Joint Stipulation, which jointly requests that the Court enter a reciprocal Protective Order pursuant to Rule 26 and Rule 29 of the Federal Rules of Civil Procedure. The Court, having reviewed the parties' Joint Stipulation and being otherwise fully advised in the premises, and finding that there is good cause for entry of such a reciprocal Protective Order, finds and concludes that a Protective Order should be and hereby is entered as follows:

IT IS THEREFORE ORDERED:

1. All information designated "Confidential For Lawyers Only" produced or exchanged in the course of this litigation shall be treated as strictly confidential pursuant to the terms of this Stipulated Protective Order and used solely for the purpose of this litigation. Except for information that is privileged communication between an attorney and any party as client, is work product or is otherwise objectionable, all information requested that is discoverable pursuant

to Rule 26 and Rule 29 of the Federal Rules of Civil Procedure shall be produced even though designated as Confidential For Lawyers Only.

2. For purposes of this Protective Order, "Confidential For Lawyers Only" shall mean any information which is designated as Confidential For Lawyers Only by any party to this litigation, whether it be data, a document, information contained in a document, information revealed during a deposition, information revealed in a discovery response, or otherwise revealed or disclosed pursuant to this litigation. In designating information as Confidential For Lawyers Only, counsel shall make such designations only as to that information that counsel in good faith believes contains information that is confidential, proprietary or a trade secret.

3. "Qualified Person" as used herein means:

(a) Attorneys representing any of the parties in this litigation, in-house counsel for any of the parties and employees of such attorneys to whom it is necessary that Confidential For Lawyers Only be disclosed solely for purposes of this litigation;

(b) A person retained or employed by any party or its attorneys in this litigation solely for the purpose of this litigation (such as technical experts and consultants), provided such persons are given access to information designated Confidential For Lawyers Only only to the extent necessary for such persons to render opinions for purposes of this litigation and such persons have been identified in writing to the opposing parties and have executed an agreement in the form of Exhibit "A" attached hereto. Such executed agreements shall be held by the party or counsel retaining or utilizing such person, and a copy thereof shall be provided to counsel for

     each party prior to any disclosure of information designated Confidential For Lawyers Only; and

  (c) Any other person who is designated as a Qualified Person by stipulation of the parties or Order of this Court, after notice to all parties.

4. Documents produced by any party may be designated as Confidential For Lawyers Only by marking "CONFIDENTIAL," "CONFIDENTIAL FOR LAWYERS ONLY" and/or "SUBJECT TO PROTECTIVE ORDER" on at least the initial page thereof.   In lieu of marking the original of a document, the party may mark the copies that are produced or exchanged.

5. Information disclosed at the deposition of a party; or one of its present or former officers, directors, employees, agents, or independent experts retained by a party or its counsel for purposes of this litigation may be designated as Confidential For Lawyers Only by indicating on the record at the deposition, or in writing within fifteen (15) days thereafter, that the testimony is Confidential For Lawyers Only and subject to the provisions of this Order.

6. Confidential For Lawyers Only shall not be disclosed or otherwise made available in any manner to any party or person other than Qualified Persons.

7. This Order shall not prevent the disclosure of Confidential For Lawyers Only information if the party designating the information as Confidential For Lawyers Only expressly consents to such disclosure, either in writing or in the record of any proceeding in this case, or if the Court after notice to all parties, orders such disclosure.   Such express consent or order shall not extend to any Confidential For Lawyers Only information except that specifically involved.

8. No party shall be obligated to challenge the propriety of a Confidential For Lawyers Only designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.   In the event that any party disagrees at any stage of these proceedings with the

designation by any other party of any information as Confidential For Lawyers Only, the parties shall try first to resolve such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the objecting party may seek appropriate relief from this Court.  The parties may by stipulation provide for exceptions to this Order, and any party may seek an Order of this Court modifying this Protective Order.  This Order shall be without prejudice to any party bringing before the Court at any time the question of whether any particular information is or is not in fact Confidential For Lawyers Only.  Upon such motion to the Court the party asserting that any particular information is not Confidential For Lawyers Only shall have the burden of establishing same.

9. All transcripts of depositions, exhibits, responses to interrogatories or other discovery requests, affidavits, briefs, memoranda of law, or other documents filed with the Court pursuant to this action which reproduce or otherwise disclose Confidential For Lawyers Only shall be filed under seal or restricted access documents in the manner specified by NECivR 7.5 and the Procedures for Filing Sealed or Restricted Documents found at http://www.ned.uscourts.gov/attorney/electronic-case-filing.

10. Subject to the Federal Rules of Evidence, information identified as Confidential For Lawyers Only may be offered in evidence at trial or any court hearing, provided the proponent of the evidence gives at least five (5) days' advance written notice to counsel for the party or other person that designated the material as Confidential For Lawyers Only.  Any party or other affected person may move the Court for an Order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as Confidential For Lawyers Only and, if so, what

protection, if any, may be afforded to such information at trial.  This 5-day notice requirement does not apply to hearings held prior to the trial of this matter on its merits.

11. Within sixty (60) days after the conclusion of this case, including the exhaustion of any appeals, any originals or reproductions of any Confidential For Lawyers Only information produced by a party shall be destroyed or returned to the producing party, at the option of the party designating such information as Confidential For Lawyers Only.  Insofar as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this litigation except

(a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal or otherwise protected by Order of the Court); and

(b) that a party may seek the written permission of the producing party or further order of the Court with respect to dissolution or modification of such protective orders.

12. Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to his or her client with respect to this litigation and, in the course thereof, or relying upon his or her examination of Confidential For Lawyers Only documents or things produced or exchanged herein; provided, however, that in rendering such advice and in otherwise communicating with his or her clients, the attorney shall not disclose any Confidential For Lawyers Only documents or things produced by any other party herein which disclosure would be contrary to the terms of this Order.

13. This Court will rule upon a claim of privilege or protection made by any party or person affected herein, as such rulings become necessary or appropriate during the course of this litigation. Compliance with this Protective Order is without prejudice to the rights of any party or person to apply for other or different protection where it is deemed necessary.

Dated this 21st day of February, 2013

BY THE COURT:

*s/ Cheryl R. Zwart*
The Honorable Cheryl R. Zwart
United States Magistrate Judge