IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JACQUELINE BARNHARDT, | 4:12CV3156 |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION ON TAXATION OF COSTS |
| OPEN HARVEST COOPERATIVE, | |
| Defendant. | |

This matter is before the court on the Bill of Costs filed by Defendant, (Filing No. 44), and Plaintiff's Motion to Stay the imposition of costs against her, (Filing No. 48). For the reasons set forth below, Defendant's requested costs should be awarded in full and Plaintiff's motion to stay denied.

The court granted Defendant's Motion for Summary Judgment, (Filing No. 39), on May 22, 2013 and entered a corresponding Judgment that same day, (Filing No. 40). Plaintiff has appealed the decision to the Eighth Circuit. (Filing No. 41).

As a successful party, and pursuant to Fed. R. Civ. P. 54(d) and NECivR 54.1, Defendant filed a Bill of Costs seeking reimbursement for a total of $1,737.50 – including $350 in Fees of the Clerk and $1,387.50 for court reporter fees associated with the deposition of the plaintiff. Plaintiff contends the fees associated with her deposition are unreasonable and should be reduced.

Under the Bill of Costs Handbook for the District of Nebraska (the "Handbook"), a party is entitled to costs associated with depositions reasonably necessary at the time the deposition was taken. Handbook, § B. And recovery of costs associated with depositions used in support of a motion are expressly allowed. Id.; see also 168th and Dodge, LP v. Rave Reviews Cinemas, LLC, 501 F.3d 945, 958 (8th Cir. 2007) (upholding costs when contested depositions were cited in support of successful party's brief in support of summary judgment). In this case, Defendant is clearly entitled to the fees associated with the deposition in question – the deposition of the

plaintiff. The deposition was used to support the motion for summary judgment and was undoubtedly necessary at the time it was taken. While the court does have discretion in awarding costs, the court does not find the requested fees associated with the plaintiff's deposition to be unreasonable or excessive. Further, the court has rarely, if ever, reduced court reporter fees for a deposition based on the number of pages cited by the successful party. In short, Plaintiff's argument to reduce the costs associated with her deposition is not persuasive.

The plaintiff also requests the court enter a stay of an award of costs pending the outcome of her appeal to the Eighth Circuit. The plaintiff has not provided a compelling reason why this court should deviate from the standard practice of awarding fees without delay, even when an appeal is taken. See Prism Technologies, LLC v. McAfee, Inc., 2013 WL 571789, at *2 (D. Neb. Feb. 13, 2013).

Accordingly,

IT IS RECOMMENDED to the Honorable Warren K. Urbom, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b), that:

a. The Defendant's requested costs (Filing No. 44) be granted, and that costs be taxed in favor of the defendant and against the plaintiff in the amount of $1,737.50; and

b. Plaintiff's motion to stay the imposition of costs (Filing No. 48) be denied.

The parties are notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

July 23, 2013.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.